829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Katherine N. VALESON, Plaintiff-Appellant,
Glen M. Fallin,
v.
Mary D. HARRISON, President, Board of County Commissioners
of Calvert County, Maryland; C. Bernard Fowler, Member,
Board of County Commissioners of Calvert County, Maryland;
Garner T. Grover, Member, Board of County Commissioners of
Calvert County, Maryland; David M. King, Member, Board of
County Commissioners of Calvert County, Maryland; Jack G.
Upton, Administrative Director, Board of County
Commissioners of Calvert County, Maryland; John M. Gott,
Sr., In His Official Capacity as a Member of the Board of
County Commissioners of Calvert County, Maryland; Jesse J.
Reid, In His Official Capacity as a Member of the Board of
County Commissioners of Calvert County, Maryland; Board of
County Commissioners of Calvert County, Maryland,
Defendants-Appellees,
H. Gordon Trueman, Member, Board of County Commissioners of
Calvert County, Maryland, Defendant.
 No. 87-3516.
 United States Court of Appeals, Fourth Circuit.
 Argued July 30, 1987.
Decided Sept. 14, 1987.
 
 Glen M. Fallin for appellants.
 June D.W. Kalijarui (George M. Chuzi, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Katherine N. Valeson, the prevailing party in a civil rights action, appeals from the district court's order liMiting her award of attorneys' fees to $33,858.00. We affirm.
 
 
 2
 In 1980 Valeson brought an action against various officials of Calvert County, Maryland, alleging sex discrimination in violation of various federal statutory and constitutional provisions. A jury awarded her $56,248. After the jury award, the parties partially settled on the amount of attorneys' fees owed Valeson's lawyers. They were unable to agree, however, on the amount owed Valeson's lead counsel, Glen Fallin.[1] That dispute is the subject of this appeal.
 
 
 3
 In petitioning the district court for attorneys' fees, Valeson asked for $65,242.50 as compensation for Fallin's services. She calculated this amount by multiplying the total hours Fallin purportedly worked (869.9) by his requested rate of compensation ($75 per hour). Valeson also requested an upward adjustment of that amount to compensate Fallin for the contingent nature of his fee. The Calvert County officials contested both the number of hours worked and the requested rate of compensation, contending that Valeson should receive only $24,595 in attorneys' fees. Likewise, they objected to any enhancement of that amount.
 
 
 4
 The district court awarded Valeson $33,858. It reduced Fallin's hours from 869.9 to 564.3, first subtracting 63.75 hours as unreasonable and then reducing the remainder by thirty percent because of inadequate documentation by Fallin. The court also reduced the rate of compensation to $60 per hour. Finally, it denied any upward adjustment, concluding that no exceptional circumstances existed to justify a multiplier in this case. On appeal, Valeson does not object to the subtraction of the 63.75 hours or the reduction in the rate of compensation. Instead, she contends that the court abused its discretion (1) in reducing Fallin's hours by thirty percent because of his inadequate documentation and (2) in failing to enhance the award to compensate Fallin for the financial risk he encountered in handling this litigation, i.e., that he would receive only nominal compensation unless Valeson prevailed. We disagree with both contentions.
 
 
 5
 In our view, Fallin failed to adequately document the hours he expended working on this case. Instead of supplying the court with a detailed accounting of his legal services, Fallin's time sheets contained only general descriptions of the type of legal work he performed. Even a cursory review of Fallin's supporting documentation reveals that it was hopelessly skeletal and provided the district court with no basis to evaluate whether any particular block of charged time was reasonably expended. The trial court thus faced a. difficult task in determining a proper award for Fallin's services and we cannot say that it abused its discretion in reducing the claimed hours by thirty percent. Likewise, the trial court acted within its discretion in denying any upward adjustment. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 55 U.S.L.W. 5113 (U.S. June 26, 1987).
 
 
 6
 In view of the above, and finding no merit to the other contentions raised by valeson, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Fallin also has filed an appeal in this action. He appeals from the district court's order denying his motion to intervene as a party in this proceeding. We find no merit to his position, however, and therefore affirm the order of the district court